UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH G. SPICKO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-10-2902 |
| § | |
| COUNTY OF HARRIS, TEXAS, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before the Court is Defendant Harris County, Texas' ("Harris County") Motion to Dismiss for Failure to State a Claim. (Doc. 7.) Plaintiff pro se Joseph G. Spicko ("Spicko") did not respond. Upon careful review and consideration of this motion, the relevant legal authority, and for the reasons explained below, the Court finds that Defendant's motion should be granted.

I. Background and Relevant Facts

This is a wrongful arrest case. On August 14, 2008, Plaintiff Spicko was arrested by Harris County Deputy Sheriff Scobee ("Sheriff Scobee") and a Federal Bureau of Investigation ("FBI") officer at the Houston FBI office, where Spicko had gone to file a civil rights complaint. (Pl's Original Compl. at 2.) Spicko was "told that there was an outstanding warrant for [his] arrest." (*Id.*) When Spicko later asked why he was arrested, he was told that the arrest was for "Bail Jumping." (*Id.*) Spicko acknowledges he was awaiting trial in a felony case pending in the 179th District Court of Harris County, Texas, but contends he was "free on a Cash Bail Bonds [sic] that were placed in force on October 31, 2007." (*Id.*)

Spicko's bail bonds were initially paid by his previous attorney, J. Gregory Glass ("Glass"). (*Id.*) After Spicko fired Glass in January 2007, Glass informed Spicko that he would

not renew the bonds. (*Id.*)

On October 31, 2007, Spicko went to the Harris County Sheriff's bonding office to deposit a cashier's check "in the amount of $10,000.00, to obtain two new cash bonds to replace the two $5,000 bonds that were to expire on November 8, 2007." (*Id.*)

Upon hearing this explanation, Sheriff Scobee called the Harris County Central Records Department to inquire about the status of Spicko's bail bonds. (*Id.*) Although the employee of the "Central Records Department acknowledged that a Cashier's Check that [Spicko] had deposited with the Harris County Sheriff's Bonding Office was recorded to be on file," the employee "would not admit that the deposit of $10,000 via Cashier's Check was for two $5,000 Cash Bail Bonds." (*Id.* at 3.) Spicko continued to plead his case but was told that a valid warrant existed for his arrest. (*Id.*) Spicko was transported to the Harris County Jail and put into a holding tank. (*Id.*)

On August 20, 2008, Spicko was brought before Judge Wilkinson, of the 179th District Court of Harris County, "pursuant to a previously scheduled court date." (*Id.* at 4.) Judge Wilkinson agreed that Spicko had valid cash bail bonds in place and should not have been arrested. (*Id.*) Although Spicko asked to be released immediately, Judge Wilkinson "stated that he had no control over the inmate release process employed by the Sheriff's Office." (*Id.*) Spicko was brought to the "Release Tank" just after midnight that evening. (*Id.*) On August 21, 2008, at approximately 10:30 A.M., Spicko was released. (*Id.*)

On August 13, 2010, Spicko filed the instant suit complaining of violations of his constitutional rights under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. §§ 1981 and 1983, conspiracy to violate with his civil rights pursuant to 42 U.S.C. § 1985, and neglect pursuant to 42 U.S.C. § 1986. (*Id.* at 5–6.) Spicko seeks actual damages of $5,000,000.00. (*Id.*

at 7.)  Defendant Harris County now moves to dismiss Spicko's complaint pursuant to Fed. R. Civ. P 12(b)(6).  (Doc. 7.)

II.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face.  *Id.* at 569.  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

Nevertheless, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true.  *See Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  The Supreme Court has expressly rejected a "heightened pleading standard" for section 1983 claims against municipalities.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 167 (1993).  However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss.  *United States*

*ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III.  Discussion

Section 1983 prohibits persons acting under "color of any statute, ordinance, regulation, custom, or usage" from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, "[m]unicipal liability under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). These three elements serve to distinguish the actions of government employees from those of the government itself. *Id.* Section 1983 also does not permit municipal liability under the doctrine of *respondeat superior*. *Id.* at 578 (quoting *Bd. of Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997)). "Isolated unconstitutional acts by municipal employees will almost never trigger liability" under section 1983. *Id.* at 578 (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984).

A policymaker is one vested with authority, either expressly or impliedly, by the city's governing body, and whom the governing body acknowledges as acting within his or her area of responsibility. *Bennett*, 728 F.2d at 769. Presumptive policymakers for purposes of section 1983 claims include "the mayor, city council, the police chief or some similarly ranked official whose acts may fairly be said to represent official policy . . . ." *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc).

A "policy" is typically promulgated in "policy statements, ordinances, or regulations." *Piotrowski*, 237 F.3d at 579. However, a policy may also be a "persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy . . . ." *Webster*, 735 F.2d at 841. A "handful" of instances do not rise to the level of a pervasive custom or practice. *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (holding that eleven incidents of warrantless searches of residences by the Houston Gang Task Force did not establish the existence of an unwritten municipal custom). Additionally, the policy or custom must be the "moving force" behind the alleged constitutional violation. *Piotrowski*, 237 F.3d at 580.

Spicko's complaint fails to plead the three basic elements required to successfully assert a section 1983 claim. First, he fails to identify a policymaker for purposes of section 1983. Second, Spicko fails to show that it is Harris County's municipal policy to arrest people without a reasonable determination of their bail status. Third, even if Spicko were able to identify such a policy, his section 1983 claim still fails to show that it was the moving force behind his arrest, since he acknowledges that several calls were made in an effort to determine his status.

Spicko's claims of negligence, neglect, and incompetence likewise fail under section 1983. Negligence is not a constitutional violation, and, therefore, cannot support a section 1983 claim. *Piotrowski*, 237 F.3d at 579–80 (citing *Bryan Cnty.*, 520 U.S. at 407).

Spicko alleges the existence of a conspiracy to deprive him of his civil rights actionable under 42 U.S.C. §§ 1983 and 1985. The statute requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993) (quoting *Griffin v. Breckenridge*,

403 U.S. 88, 102 (1971); *Torres-Rosado v. Rotger-Sabat*, 335 F.3d 1 (1st Cir. 2003). Spicko makes no such allegations. It is self-evident that Harris County cannot conspire with itself. *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996); *Fisher v. Yates*, 953 S.W.2d 370, 382 (Tex. App.—Texarkana 1997, pet. denied).

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Defendant Harris County, Texas' Motion to Dismiss for Failure to State a Claim (Doc. 7) is **GRANTED**.

SIGNED at Houston, Texas, this 1st day of August, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE